49 N.J. Super. 339 (1958)
139 A.2d 799
FLORENCE GUERNSEY AND ELAM Y. GUERNSEY, HER HUSBAND, PLAINTIFFS,
v.
STANLEY YOUNG, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 24, 1958.
*340 Messrs. Stern & Stern, attorneys for plaintiffs.
Mr. Chauncey A. Plyley, attorney for defendant.
GRIMSHAW, J.S.C.
On July 16, 1957 a complaint for partition in the above-entitled matter was filed. An answer filed by the defendant denied plaintiff's right to partition. Summary judgment for partition of the property was granted on November 14, 1957. The property was advertised for sale by the Sheriff of Bergen County in accordance with the terms of the settlement. Prior to the sale, without notice to plaintiff's attorneys, the parties reached a settlement, plaintiff agreeing to accept $7,500 in payment for her interest in the property.
The first notice of the settlement received by the plaintiff's attorneys was contained in a letter from the attorney for the defendant. In that letter he informed plaintiff's attorneys that a settlement had been reached; that the plaintiff had been paid the amount due to her under the settlement; and requested plaintiff's attorneys to have the sheriff discontinue the sale.
The matter is before me on the application of plaintiff's attorneys to have established their lien in the above-entitled cause and to have determined the reasonable value of their services and the payment of their disbursements. Plaintiff's attorneys under the statute N.J.S. 2A:13-5 are entitled to a lien as of the date of the filing of the complaint, which lien cannot be affected by a settlement between the parties. Defendant is chargeable with notice of this lien. In making payment direct to the plaintiff without notification to her attorneys, the defendant did so at his peril.
Plaintiff's attorneys are entitled to receive their disbursements and such reasonable fee as the court may determine after a hearing.